IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PATRICIA NELSON ET AL | § |
| | § |
| V. | § CIVIL ACTION NO 5:25-CV-00184 |
| | § |
| PAL OPERATING COMPANY, L.L.C. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Patricia Nelson ("Plaintiff" herein) individually, and on behalf of similarly situated present and former employees, brings this Fair Labor Standards Act suit against Defendant PAL Operating Company, L.L.C. and in support thereof would show the Court as follows:

### I.
### NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

1

2. Defendant violated the FLSA by failing to pay Plaintiff for all of her overtime hours. Plaintiff was not compensated at the rate of time and one-half her regular rate of pay when she worked outside her normal work schedule and was misclassified as exempt.

3. Additionally, Defendant would improperly deduct hours from Plaintiff's paychecks and not pay any amount for those hours despite the fact that Plaintiff worked them.

## II.
## PARTIES

4. Plaintiff Patricia Nelson is an individual who worked for Defendant during the period relevant to this suit. She hereby consents to be a party in this action.

5. Plaintiff Frank Nelson is an individual who worked for Defendant during the period relevant to this suit. He hereby consents to be a party in this action

6. Plaintiff Esbelli Camarillo Vega is an individual who worked for Defendant during the period relevant to this suit. She hereby consents to be a party in this action.

7. Defendant PAL Operating Company, L.L.C. is a Texas LLC. It may be served with process by the Clerk of the Court by certified mail return receipt requested by serving its registered agent for service of process Perrin Larsh, 9257 North Loop 1604 West, San Antonio, Texas 78249 or wherever he may be found.

## III.
## JURSIDICTION AND VENUE

8. This Court has jurisdiction to hear the merits of Plaintiffs' claims due to the federal question raised pursuant to The Fair Labor Standards Act.

9. All of the acts alleged herein occurred in San Antonio, Bexar County, Texas, and are within the jurisdiction and district of this Court.

## IV.
## COVERAGE

10. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and any Class Members.

11. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiffs were individual employees who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.
## FACTS

15. Plaintiffs and other potential class members are current and former employees of Defendant. Plaintiffs are hourly employee. They are paid every two weeks and each paycheck lags two weeks behind the period worked. For example, on October 31, 2024, they were paid for the hours worked from October 1, 2024 to October 15, 2024.

16. Plaintiffs and other similarly situated employees often worked over 40 hours per week. Although they would be paid some overtime, they would not be paid overtime for each hour worked over 40. Additionally, Plaintiffs and other similarly situated employee would not be paid for each hours worked.

**PLAINTIFF PATRICIA NELSON**

17. For example, for the pay period from October 1, 2024 to October 15, 2024, Plaintiff Patricia Nelson was paid 81.15 hours of regular time and 0.49 of overtime. However, the clock in clock out records for that period show that Plaintiff

4

Patricia Nelson actually worked 82.06 hours of regular time and 1.07 hours of overtime.

18. During the week of September 30, 2024 to October 6, 2024, Plaintiff Patricia Nelson worked a total of 34.48 hours. Of those hours, 24.89 were from October 1, 2024 to October 6, 2024 and fell in the October 1 to October 15 pay period:

- 10/01 – 11:00 am to 4:30 pm; 5:01 pm to 10:03 pm. Total – 10.52 hours.
- 10/02 – 4:45 pm to 7:20 pm; 7:50 pm to 11:16 pm. Total – 5.85 hours
- 10/03 – 2:03 pm to 2:22 pm. Total 0.32 hours
- 10/04 – 4:25 pm to 6:14 pm; 6:45 pm to 12:10 am. Total 7.22 hours.
- 10/05 – 0
- 10/06 -1:27 pm to 2:25 pm; 0.98 hours.

19. During the week of October 7, 2024 to October 13, 2024 Plaintiff Patricia Nelson worked a total of 41.07 hours. All of these hours fell during the October 1 to October 15 pay period:

- 10/07 1:45 pm to 6:15 pm; 6:45 pm to 10:12 pm. Total 7.95 hours
- 10/08 11:44 am to 2:10 pm; 2:40 pm to 10:08 pm. Total is 9.90 hours.
- 10/09 10:11 am to 2:28 pm; 3:06 pm to 3:46 pm; 10:01 pm to 11:03 pm. Total is 5.98 hours
- 10/10 9:09 am to 3:58 pm. Total is 6.82 hours.
- 10/11 2:28 pm to 12:17 am. 9.82
- 10/12 1:00 pm to 1:36 pm. 0.60 hours
- 10/13 – 0

20. During the week of October 14 to October 20, 2024, Plaintiff Patricia Nelson worked a total of 36.33 hours. Of those, 17.17 hours fell during the October 1 to October 15 pay period:

- 10/14 1:52 Pm to 8:14 pm; 9:49 pm to 11:13 pm – total is 7.77 hours.
- 10/15 11:57 am to 5:06 pm 15:18pm to 5:37 pm 606 pm to 10:02 pm. Total is 9.40 hours.

21. In total, Plaintiff Patricia Nelson worked 82.06 hours of regular time and 1.07 hours of overtime, but Plaintiff Patricia Nelson was only paid for 81.15 hours of regular time and .49 hours of overtime.

22. This pattern has continued throughout Plaintiff Patricia Nelson's employment and affected both Plaintiff and other similarly situated employees.

**PLAINTIFF FRANK NELSON**

23. For the pay period from October 1, 2024 to October 15, 2024, Plaintiff Frank Nelson was paid for 76.23 hours of regular time. However, clock-in clock-out records for that period show that Plaintiff actually worked 79.36 hours of regular time.

24. During the week September 30, 2024 to October 6, 2024, Plaintiff Frank Nelson worked a total of 37.27 hours. Of those hours, 28.73 were from October 1, 2024 to October 6, 2024 and fell in the October 1 to October 15 pay period:

- 10/01 – 8:43 am to 3:22 pm.  Total – 6.65 hours
- 10/02 – 9:01 am to 2:35 pm. Total – 5.57 hours
- 10/03 – 0
- 10/04 – 8:26 am to 5:01 pm. Total – 8.58 hours
- 10/05 – 8:42 am to 12:30 pm; 12:57 pm to 5:05 pm – 7.93 hours
- Total – 28.73 hours

6

25. During the week of October 7, 2024 to October 13, 2024, Plaintiff Frank Nelson worked a total of 35.65 hours. All of these hours fell during the October 1 to October 15 pay period:

- 10/07 – 8:24 am to 3:56 pm. Total – 7.53 hours.
- 10/08 – 8:30 am to 2:00 pm; 2:30 pm to 455 pm. Total - 7.92 hours.
- 10/09 – 10:00 am to 12:21 pm. Total - 2.35 hours.
- 10/10 – 0
- 10/11 – 8:32 am to 2:55 pm. Total - 6.38 hours.
- 10/12 – 8:39 am to 11:30 am; 12:00 pm to 2:22 pm. Total – 5.22 hours.
- 10/13 – 9:35 am to 3:50 pm. Total – 6.25 hours.
- Total – 35.65 hours.

26. During the week of October 14 to October 20, 2024, Plaintiff Frank Nelson worked a total of 37.32 hours. Of those, 14.97 fell during the October 1 to October 15 pay period:

- 10/14 – 8:35 am to 3:38 pm. Total – 7.05 hours.
- 10/15 – 8:37 am to 4:32 pm. Total – 7.92 hours.
- Total – 14.97 hours.

27. In total, Plaintiff Frank Nelson worked 79.35 hours of regular time from October 1, 2024, to October 15, 2024. However, Plaintiff Frank Nelson was only paid for 76.23 hours of regular time for that period.

28. This pattern has continued throughout Plaintiff Frank Nelson's employment and affected both Plaintiff Frank Nelson and other similarly situated employees.

**PLAINTIFF ESBELI CAMARILLO VEGA**

7

29. For the pay period from October 16, 2024 to October 31, 2024, Plaintiff Esbeli Camarillo Vega was paid for 70.55 hours of regular time. However, clock-in clock-out records for that period show that Plaintiff actually worked 74.89 hours of regular time.

30. During the week October 14, 2024 to October 20, 2024, Plaintiff Esbeli Camarillo Vega worked a total of 29.68 hours. Of those hours, 16.49 were from October 16, 2024 to October 20, 2024 and fell in the October 16 to October 31 pay period:

- 10/16 – 5:01 pm to 11:14 pm. Total – 6.22 hours.
- 10/17 – 10:56 am to 2:24 pm; 2:55 pm to 5:00 pm. Total 5.55 hours.
- 10/18 – 10:58 am to 3:41 pm. Total – 4.72 hours.
- 10/19 - 0
- 10/20 - 0
- Total – 16.49 hours.

31. During the week of October 21, 2024 to October 27, 2024, Plaintiff Esbeli Camarillo Vega worked a total of 32.12 hours. All of these hours fell during the October 16 to October 31 pay period:

- 10/21 – 5:02 pm to 11:11 pm. Total – 6.15 hours.
- 10/22 – 10:00 am to 5:04 pm. Total – 7.07 hours.
- 10/23 – 4:00 pm to 11:07 pm. Total – 7.12 hours.
- 10/24 – 10:31 am to 2:35 pm; 3:05 pm to 5:43 pm. Total – 6.70
- 10/25 – 10:57 am to 4:02 pm. Total – 5.08 hours.
- 10/26 – 0
- 10/27 – 0
- Total – 32.12 hours.

32. During the week of October 28 to November 3, Plaintiff Esbeli Camarillo Vega worked a total of 26.28 hours that fell in the October 16 to October 31 pay period:

- 10/28 – 5:03 pm to 11:18 pm. Total – 6.25
- 10/29 –   10:00 am to 5:04 pm. Total – 7.07
- 10/30 –   4:02 pm to 11:04 pm. Total – 7/03
- 10/31 – 10:36 am to 2:16 pm; 2:47 pm to 5:03 pm.  Total 5.93
- Total – 26.28 hours.

33. In total, Plaintiff Esbeli Camarillo Vega worked 74.89 hours of regular time from October 16, 2024, to October 31, 2024.  However, Plaintiff Esbeli Camarillo Vega was only paid for 70.55 hours of regular time for that period.

34. This pattern has continued throughout Plaintiff Esbeli Camarillo Vega's employment and affected both Plaintiff and other similarly situated employees.

35. Defendant would make deductions from the hours of Plaintiffs and other employees and not pay them at all for hours worked during that each pay period.

36. Plaintiffs kept records of their time worked and saw that hours they worked were being deducted from their final paychecks.  These totaled 2-10 hours per pay period.  When Plaintiff Patricia Nelson questioned the deductions she was told they were for breaks or meals, however Additionally, Defendant deducted pay from Plaintiff Patricia Nelson and similarly situated employees' paychecks for meal periods, and however, they were not bona fide meal periods as Plaintiff Patricia

9

Nelson and others were not relieved from duty and worked that time despite not being paid.

37. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

38. On or about December 23, 2024, Plaintiff Patricia Nelson contacted Dexter Hatchet, a brand consultant for Arby's, by text. Nelson contacted him to discuss why her pay rate on her pay checks was incorrect.

39. Nelson had spoken about the pay issue with Perrin, a manager, but nothing had been done. Hatchet told Nelson that he would forward the text to others to get the issue addressed and told Nelson to keep him posted about the issue.

40. When Nelson returned to work on December 26, 2024, John Sandrock, her General Manager told her that she was being terminated because she had contacted Hatchet.

## VI.
## FIRST CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

41. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks

longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs in accordance with the law.

42. In addition, Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked and improperly deducted hours worked from Plaintiff and similarly situated employees' pay. Additionally, Defendant deducted pay from Plaintiffs and similarly situated employees' paychecks for meal periods, however they were not bona fide meal periods as Plaintiffs and similarly situated employees' were not relieved from duty.

## SECOND CAUSE OF ACTION: RETALIATION AGAINST PLAINTIFF PATRICIA NELSON

43. Defendant terminated Patricia Nelson's employment in retaliation for complaining about violations of the Fair Labor Standards Act ("FLSA"). Such a retaliatory termination is itself prohibited by the FLSA, 29 U.S.C. 215(a)(3).

## VII.
## RELIEF SOUGHT

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendant as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

b. For an Order awarding Plaintiffs the costs of this action;

c. For an Order awarding Plaintiffs' attorneys fees; and

d. For and Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

**Respectfully Submitted,**

**/s/  *Alan Braun***
**Adam Poncio**
**State Bar No. 16109800**
aponcio@ponciolaw.com
**Alan Braun**
**State Bar No. 24054488**
abraun@ponciolaw.com

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 310**
**San Antonio, Texas  78229**
**Telephone: (210) 212-7979**
**Facsimile:   (210) 212-5880**

**ATTORNEYS FOR PLAINTIFFS**